IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ALLEN WOOLF | ) | CASE NO. 1:22cv00562 |
| | ) | |
| Plaintiff, | ) | JUDGE CHARLES ESQUE FLEMING |
| | ) | |
| v. | ) | |
| | ) | |
| REVOLUTION TRUCKING, LLC, et al | ) | |
| | ) | |
| Defendants. | ) | |

## JOINT AMENDED MOTION FOR APPROVAL OF FLSA SETTLEMENT WITH BRIEF IN SUPPORT.

NOW COME Plaintiff Allen Woolf, by and through his counsel, Chris P. Wido of The Spitz Law Firm, LLC, and Defendants, Revolution Trucking, LLC, James Adams, and Brian Watson ("Defendants"), by and through their counsel, Greg Melick and Alex Karcher of the law firm of Roetzel & Andress, and respectfully submit this Joint Motion for Approval of FLSA Settlements. The foregoing amended Motion corrects mathematical errors contained in the parties prior Joint Motion (Doc. 31). This Joint Motion is more fully supported by the attached Brief in Support.

Respectfully Submitted,

| | |
|---|---|
| */s/ Chris P. Wido* | /s/ *Gregory H. Melick* |
| Chris P. Wido (0090441) | Gregory H. Melick, Trial Attorney |
| Spitz, The Employee's Law Firm | (0065694) |
| 25825 Science Park Drive, Suite 200 | gmelick@ralaw.com |
| Beachwood, Ohio 44122 | Alexander C. Karcher (0098192) |
| Phone:  (216) 291-4744 | akarcher@ralaw.com |
| Fax:  (216) 291-5744 | ROETZEL & ANDRESS, LPA |
| Email:  chris.wido@spitzlawfirm.com | 41 South High Street |
| *Attorney for Plaintiff* | Huntington Center, 21st Floor |
| | Columbus, OH 43215 |
| | Telephone: 614.463.9770 |
| | Fax: 614.468.9792 |
| | *Attorney for Defendants* |

## BRIEF IN SUPPORT

I. **STATEMENT OF FACTS**

On April 7, 2022 Woolf filed his Original Complaint ("Complaint"), alleging violations of the Fair Labor Standards Act ("FLSA") against Defendants and seeking collective relief on behalf of himself and other similarly-situated cargo van drivers. Defendants filed an answer to the Original Complaint on May 31, 2023. On August 5, 2022, Woolf filed his First Amended Complaint, in which he added additional claims for retaliation in violation of the FLSA and the Ohio Minimum Fair Wage Standards Act ("OMFWSA"). Defendants filed an answer to the First Amended Complaint on August 19, 2022. Thereafter, on September 15, 2022, Plaintiff filed a Second Amended Complaint, in which he added a claim for putative collective action under the OMFWSA. On September 29, 2022, Defendants filed an Answer to the Second Amended Complaint along with state-law Counterclaims for damage to an engine. Woolf filed a motion to dismiss the Counterclaim on jurisdictional grounds on November 9, 2022. Woolf's motion to dismiss remains pending.

On July 15, 2022, Woolf moved for conditional certification of this action. Defendants later stipulated to conditional certification, and the parties filed a proposed stipulation on August 9, 2022. Subsequently, notice was issued to the putative collective, and the following individuals opted into this litigation:

1. David Morris
2. Derek Lang
3. Jacob Pozworski
4. Nathan Terry
5. Daniel Cavendish
6. Taryll Cobb
7. Aaron Gibbs
8. Marcus Stevenson

Subsequent to completing their Rule 26(F) report, Woolf conducted extensive discovery into both his claims and Defendants' Counterclaim. Woolf also engaged a consulting expert, Matt Rigling of EmployStats, to assist with calculating damages based on the pay records and GPS

records produced by Defendants for Woolf and each opt-in Plaintiff. Rigling calculated Woolf and the opt-in's damages as follows:

| Name | Weeks Worked | Total Wages Owed |
|---|---|---|
| Aaron Gibbs | 2 | $ 155.26 |
| Allen Woolf | 37 | $ 9366.14 |
| Daniel Cavendish | 2 | $ 80.11 |
| David Morris | 2 | $ 467.24 |
| Derek Lang | 2 | $ 202.97 |
| Jacob Pozworski | 2 | $ 105.99 |
| Nathan Terry | 3 | $ 387.96 |
| Taryll Cobb | 2 | $ 233.69 |
| Marcus Stevenson | 8 | $ 1,531.22 |
| Total | 60 | $ 12,520.58 |

Thereafter, the parties engaged in exhaustive settlement negotiations. After months of arms-length negotiations, the parties agreed to settle all claims as follows:

| Name | Settlement Payment |
|---|---|
| Allen Woolf | $ 14,366.14 |
| Aaron Gibbs | $ 155.26 |
| Daniel Cavendish | $ 80.11 |
| David Morris | $ 467.24 |
| Derek Lang | $ 202.97 |
| Jacob Pozworski | $ 105.99 |
| Nathan Terry | $ 387.96 |
| Taryll Cobb | $ 233.69 |
| Marcus Stevenson | $ 1,531.22 |
| Total | $ 17,530.58 |

Accordingly, each opt-in Plaintiff will receive the full amount of overtime they are owed. Woolf will receive an additional $5,000.00 over and above the overtime wages he is owed on account of his retaliation claims.

In addition, Defendants will pay Plaintiffs' counsel $52,034.90 in attorney's fees and $2,934.50 in costs, for a total of $54,968.42. A copy of the parties' executed settlement agreement is attached hereto as Exhibit "A."

**II.     LAW AND ARGUMENT**

    **A.     THE SETTLEMENT IS FAIR AND REASONABLE**

Where the litigation arises from a private enforcement action under Section 216(b) of the FLSA, the standard for approval of a settlement is straightforward: a district court should approve a settlement if it was reached as a result of contested litigation and it is a fair and reasonable resolution of a *bona fide* dispute between the parties. See *Lynn's Food Stores, Inc. v. U.S.,* 79 F.2d 1350, 1352-54 (11th Cir. 1982), citing *Brooklyn Savings Bank v. O'Neil,* 324 U.S. 697 (1945). "The existence of a *bona fide* dispute serves as a guarantee that the parties have not manipulated the settlement process to permit the employer to avoid its obligation under the FLSA." *Filby v. Windsor Mold USA, Inc.,* 2015 WL 1119732, at *2 (N.D. Ohio March 11, 2015), quoting *Schneider v. Goodyear Tire & Rubber Co.,* 2014 WL 2579637, at *2 (N.D. Ohio 2014).

This Court, therefore, should perform two inquiries before approving an FLSA settlement. First, the Court must be satisfied that the settlement was the product of "contested litigation." Second, the Court must be satisfied that the settlement involves a fair and reasonable resolution of a *bona fide* dispute between the Parties.

        **1.     The Proposed Settlement Is the Product of Contested Litigation.**

Typically, courts rely on the adversarial nature of a litigated FLSA case resulting in settlement, as the primary indicia of fairness. See *Lynn's Foods,* 679 F.2d 1350, 1354. In this case, Woolf made detailed factual allegations in his Second Amended Complaint; had a full

opportunity to analyze pertinent factual and legal issues; and with the assistance of counsel, was able to assess the strengths and weaknesses of the claims and defenses at issue and calculate his and the opt-in's respective alleged damages. Only after lengthy negotiations, conducted by the parties' counsel, were the parties able to resolve these disputes. Accordingly, the parties ask that the Court conclude that their settlement is the product of contested litigation.

### 2. The Proposed Settlement Is a Fair and Reasonable Resolution of a *Bona Fide* Dispute.

#### a. A *Bona Fide* Dispute Exists Between the Parties.

Woolf's theory of FLSA liability alleges that he and other van operators were misclassified as independent contractors and thus denied overtime and the minimum wage when they were paid by the mile. Defendants denied these allegations and further, alleged that Woolf had negligently caused damage to the engine of a van he had operated on behalf of Revolution. That said, if Woolf's allegations were deemed correct in this case, then Defendants might be exposed to a significant monetary verdict in favor of Woolf and the opt-in Plaintiffs as well as the obligation to pay associated litigation fees and costs. If Defendants were to prevail, then Woolf and the opt-ins faced the real risk of no recovery, and Woolf faced the added risk of a monetary judgment in favor of Revolution that would bankrupt him. On the basis of the foregoing, the Court should confirm that a *bona fide* dispute exists between the parties.

#### b. The Proposed Settlement Is Fair and Reasonable.

Through their respective counsel, the parties engaged in frank and candid discussion, and through arm's length negotiations, arrived at a compromise that provides meaningful relief in view of the respective strengths and weaknesses and inherent risks each party might bear were the litigation to continue to a determination on the merits.

An "initial presumption of fairness" typically attaches when a proposed settlement is negotiated by and in the judgment of counsel and is presented for the court's approval. See *Rouse v. Comcast,* 2015 WL 1725721 at *6 (E.D. Pa., April 15, 2015) (noting there is

an initial presumption of fairness when a settlement results from arm's length negotiations between experienced counsel). Here, the settlements proposed provide immediate value in relation to the claims asserted and eliminates the potential for summary dismissal, trial loss, or loss on appeal. Moreover, Woolf and his counsel support the settlements and Woolf has signed the settlement agreement. Based on Plaintiff's counsel's knowledge, as well as his experience in wage and hour actions, Plaintiff's counsel believes that the settlements are fair, reasonable and adequate.

### 3. The Attorney Fees Agreed Upon Are Reasonable.

In addition, the attorney fees agreed upon are reasonable. The FLSA requires courts to award "a reasonable attorney's fee . . . and costs of the action." 29 U.S.C. § 216(b). Accordingly, Plaintiff's attorney fees are a reasonable amount based on the total settlement amount and efforts of Plaintiff's counsel to resolve Plaintiff's claims in this litigation. Billing records for the work performed by Plaintiff's counsel – which demonstrate that Plaintiff's counsel is receiving substantially less than was billed - can be produced upon request should the Court wish to review them.

### III. CONCLUSION

For the foregoing reasons, the parties respectfully request the Court approve the Settlement Agreements that have been submitted to this Court. Upon approval, the parties will jointly move for dismissal of this action with prejudice by this Court.

Respectfully Submitted,

| | |
|---|---|
| /s/ Chris P. Wido<br>Chris P. Wido (0090441)<br>Spitz, The Employee's Law Firm<br>25825 Science Park Drive, Suite 200<br>Beachwood, Ohio 44122<br>Phone:  (216) 291-4744<br>Fax:  (216) 291-5744<br>Email:  chris.wido@spitzlawfirm.com<br>*Attorney for Plaintiffs* | /s/   Gregory H. Melick<br>Gregory H. Melick, Trial Attorney (0065694)<br>gmelick@ralaw.com<br>Alexander C. Karcher (0098192)<br>akarcher@ralaw.com<br>ROETZEL & ANDRESS, LPA<br>41 South High Street<br>Huntington Center, 21st Floor<br>Columbus, OH 43215<br>Telephone: 614.463.9770<br>Fax: 614.468.9792<br>*Attorney for Defendants* |

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing **Joint Motion for Approval of FLSA Settlements, with Brief in Support** has been electronically filed with the Clerk of Court using the ECF system on this 9th day of August, 2023.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

*/s/ Chris P. Wido*
Chris P. Wido, Attorney for Plaintiff